WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marvin P. Fresquez, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV 05-3359 PHX DGC (VAM) |
| | ) |
| Joseph Arpaio, et al., | ) O R D E R |
| | ) |
| Defendants. | ) |

Plaintiff filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on October 21, 2005. (Doc. 1). On January 12, 2006, defendant Arpaio filed a Motion to Dismiss. (Doc. 7). On January 20, 2006, Magistrate Judge Mathis issued an Order advising plaintiff of the filing of the Motion to Dismiss and giving him until February 10, 2006 to file his response. (Doc. 8). This Order also advised plaintiff of his obligation to timely respond to all motions and that failure to respond could result in the granting of that Motion. Plaintiff did not file a response. It is assumed that plaintiff received all the Court Orders issued to this point as no mail had been returned as undeliverable. The docket also reflects that plaintiff filed a notice of change of address on November 15, 2005 (Doc. 5) which indicates he was aware of the requirement to keep the Court advised of his address.

Since plaintiff did not file a response to the Motion to Dismiss, Magistrate Judge Mathis issued an Order giving him an

additional opportunity to respond to the Motion to Dismiss.  (Doc. 9).  This Order was returned as undeliverable with the notation that plaintiff was no longer in custody.  Having failed to file a response to the Motion to Dismiss and to notify the Court of a new address, it appears that plaintiff has abandoned his claims.

**IT IS THEREFORE ORDERED** granting defendants' Motion to Dismiss.  (Doc. 7).  This action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of April, 2006.

_____
David G. Campbell
United States District Judge

2